**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
Case No.:

KELLY HALL,

    Plaintiff,

v.

UNITED OF OMAHA LIFE
INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Kelly Hall, by and through undersigned counsel hereby files his Complaint against Defendant, United of Omaha Life Insurance Company, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Kelly Hall ("Mr. Hall"), is a citizen of the United States and was at all times relevant a participant of the long-term disability policy ("long-term disability policy") at issue. Defendant, United of Omaha Life Insurance Company (hereinafter "Omaha" or "Defendant"), is the insurer and claims administrator of the long-term disability policy at issue, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.     FACTS

3. At all times material to this action there was in full force and effect a group long-term disability insurance policy constituting binding contract of insurance between the parties. This policy was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Mr. Hall was employed with Atlanta Hawks of the National Basketball Association ("NBA"), as the lead electrician and electrical manager. By virtue of his employment at Atlanta Hawks, Mr. Hall was an eligible participant of the long-term disability policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Mr. Hall a monthly benefit in the event that he became disabled ("long-term disability benefits").

7. The long-term disability policy defines Disability, or Disabled, in pertinent part, as follows:

*Disability and Disabled mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurs in which:*

  a) *During the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and*
  b) *After the Elimination Period, You are:*
  1. *Prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and*
  2. *Unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.*

*After a Monthly Benefit has been paid for 2 years, Disability and Disabled mean You are unable to perform all of the Material Duties of any Gainful Occupation. Disability and Disabled mean Your are unable to perform all of the Material Duties of any Gainful Occupation. Disability is determined relative to Your ability or inability to work. It is not determined by the availability of a suitable position with the Policyholder.*

8. Mr. Hall has suffered, and continues to suffer, chronic and worsening back pain from lumbar radiculopathy and post-laminectomy syndrome/

9. Mr. Hall has been unable to perform the material duties of his own occupation, or any gainful occupation; Mr. Hall is disabled under the terms of the long- term disability policy.

10. Mr. Hall was forced to discontinue working on or around August 10, 2018 due to his disabling conditions.

11. In accordance with the procedures set forth by the long-term disability policy, Mr. Hall notified Defendant that he was disabled.

12. Defendant acknowledged Mr. Hall's disability and accepted liability by paying long-term disability benefits effective February 18, 2019.

13. By letter dated May 28, 2019, Defendant terminated Mr. Hall's claim for long-term disability benefits effective April 17, 2019.

14. By letter dated November 18, 2019, Mr. Hall timely appealed Defendant's decision to terminate his long-term disability benefits.

15. Defendant denied Mr. Hall's appeal and communicated its decision via letter dated December 30, 2019.

16. Mr. Hall exhausted his appeals under ERISA.

17. In terminating Mr. Hall's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

18. The termination of Mr. Hall's disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

19. Defendant's termination of Mr. Hall's long-term disability benefits breached the fiduciary duties owed to Mr. Hall under ERISA. Defendant further failed to discharge its duties in

respect to discretionary claims processing solely in the interests of Mr. Hall as a participant of the long-term disability policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein and says further that:

20. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were terminated pursuant to 29 U.S.C. §1132(a)(1)(B).

21. Plaintiff is entitled to the benefits identified herein because:
    a. the benefits are permitted benefits under the policy;
    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;
    c. Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

22. Defendant has refused to pay the benefits sought by Mr. Hall, ignoring the medical records and clear opinions of his treating physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 22 as if fully stated herein and says further that:

23. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 23 as if fully stated herein and says further that:

24. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

25. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

26. Defendant is also liable to place Plaintiff in the position he would have enjoyed under the policy had he not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kelly Hall, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 19th day of March, 2020.*

BY: */s/ Kevin Schaefer*
Kevin Schaefer (FBN. 123688)
kevin@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007

*Attorneys for Plaintiff, Kelly Hall*